No. 702          October 2, 2024          343

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. W. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

A. M.-S.,
*Respondent,*

*v.*

S. G. W.,
*Appellant.*

Marion County Circuit Court
20JU06875; A182707

Natasha A. Zimmerman, Judge.

Argued and submitted March 12, 2024.

George W. Kelly argued the cause and filed the brief for appellant.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General; and Benjamin Gutman, Solicitor General.

Before Joyce, Presiding Judge, Lagesen, Chief Judge, and Egan, Judge.*

JOYCE, P. J.

Reversed.

_____
 * Egan, Judge *vice* Jacquot, Judge

**JOYCE, P. J.**

Mother appeals from a juvenile court order finding that her 3-year-old son's placement in California was not in his best interests. *See* ORS 419B.349(1). We review the court's best interests determination for abuse of discretion and the juvenile court's findings for whether there is evidence in the record to support them, *Dept. of Human Services v. T. C. A.*, 251 Or App 407, 414-15, 283 P3d 956, *rev den*, 352 Or 665 (2012), and reverse.

0The Department of Human Services (DHS) placed mother's son, A, with his great-aunt in California after mother moved there with A. For a time, mother and A lived with his great aunt and then mother moved out; A remained with his great-aunt. By all accounts, A had done well in his great-aunt's custody for the past two years and they were bonded. Father, who is incarcerated, asked the juvenile court to end that placement and direct placement with A's paternal uncle in Oregon to increase contact with father's family.[1]

At the hearing on father's motion, the court heard evidence that A's great aunt had previously had difficulties with technology and virtual visits with father at the prison; that those technological difficulties had abated and the great-aunt had unilaterally increased the visits from once a week to twice a week when her schedule allowed; that the great-aunt did not disclose that she had multiple sclerosis, a condition that did not currently interfere with her ability to care for A; that mother and the great-aunt's relationship was somewhat difficult because mother continued to use drugs; that it was unclear whether mother and A had a "close bond"; and that A's attorney had difficulties getting information about A other than through DHS reports. Based on that evidence, the juvenile court ultimately concluded that A's placement with the great-aunt was not in his best interests and ordered DHS to "plan accordingly, with an emphasis on an Oregon placement."

---

[1] We note that father's request that the juvenile court direct a particular placement is not one that the juvenile court has the statutory authority to grant. ORS 419B.349(1) ("[U]nless otherwise required by law, the court may not direct a specific placement.").

On appeal, mother argues that the juvenile court abused its discretion in finding that A's placement was not in his best interests. DHS concurs and asks that we reverse the juvenile court's determination. Father, who filed the motion to change A's placement, has not appeared on appeal.

To change a DHS-chosen placement under ORS 419B.349, a juvenile court must determine that the placement is not in the child's best interests. This standard, which reflects a presumption that the placement selected by DHS is in a child's best interests, necessarily places the burden on the party challenging the placement to prove facts allowing for a determination that the placement is detrimental to the child in some way. We have reviewed the record and agree with mother and DHS that, on this record, the juvenile court abused its discretion in concluding that A's placement was not in his best interests. That is primarily because the facts on which the juvenile court relied do not allow for the conclusion that A's placement placed A at risk of harm or was otherwise detrimental to his interests. The bases for the juvenile court's decision included

- Technology issues;

- Mother's difficult relationship with the great-aunt;

- A's attorney's difficulty in contacting A, other than through DHS; and

- The great-aunt's failure, two years earlier, to disclose a medical condition.

The primary problem with those bases is that they do not speak to how the placement was detrimental to A. Moreover, as for the technology issues, the great-aunt had worked with DHS to resolve them. In fact, the great-aunt increased visits between father and A and recent missed visits were the result of father being unable to attend because of prison restrictions. As to the relationship between mother and the great aunt, the record contains no evidence as to how that was detrimental to A or why that fact meant that A's placement was not in his best interests. Regarding A's attorney's difficulty contacting A, the juvenile court did not account for the fact that that difficulty was largely the result

of the attorney's failure to maintain contact.[2] With respect to the great-aunt's failure to disclose her medical condition, the juvenile court noted that it had no medical evidence that her condition is "currently actively degenerating" or "in any way limiting" her ability to parent. Instead, the court was concerned that she had not disclosed the condition initially. While that omission understandably concerned the juvenile court, in the absence of any evidence that that medical condition impacted her ability to care for A or that DHS or any other party was concerned that that omission was part of a larger pattern of omitting important information to DHS, it was not a basis for concluding that A's placement was not in his best interests.

We therefore agree with mother and DHS that, on this record, the juvenile court abused its discretion in finding that A's placement was not in his best interests.

Reversed.

---

[2]  Indeed, A's attorney supported the juvenile court finding that his current placement was in A's best interests.