340 February 19, 2026 No. 123

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of A. D. A. P. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. A. C.,
*Appellant.*

Josephine County Circuit Court
23JU00525; A187577

Brandon S. Thueson, Judge.

Argued and submitted January 22, 2026.

Tiffany Keast, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Inge D. Wells, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and Jon Zunkel-deCoursey, Assistant Attorney General.

Before Tookey, Presiding Judge, Egan, Judge, and Jacquot, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this juvenile dependency case, father appeals a judgment in which the juvenile court ruled that the decision of the Oregon Department of Human Services (ODHS) to move his two-year-old child A from a foster care placement with "current caretakers" to a regular foster care placement was in A's best interests. In three assignments of error, father argues that the juvenile court applied the wrong legal test, incorrectly instructed itself on the allocation of the burden of proof, and erroneously granted ODHS's "motion to place [A] in a foster care placement that violated the statutory preference for individuals with 'current caretaker' status." We affirm.

In April 2023, the juvenile court asserted dependency jurisdiction over A and made him a ward of the court. In March 2025, ODHS requested that the court hold a hearing to review ODHS's decision to change A's placement from the current caretakers[1] with whom he had lived for two years to the respite providers with whom A had been staying for the previous month.

At the hearing, ODHS argued, among other things, that the question before the court was the type of placement that was in A's best interest, under ORS 419B.449 and ORS 419B.349.[2] In so arguing, ODHS cited *Dept. of Human Services v. S. G. W.*, 335 Or App 343 (2024)

---

[1] There was no dispute that the foster parents with whom A had been placed satisfied the definition of "current caretaker" in ORS 419A.004(13), which provides:

"'Current caretaker' means a foster parent:

"(a) Who is currently caring for a ward who is in the legal custody of the Department of Human Services and who has a permanency plan or concurrent permanent plan of adoption; and

"(b) Who has cared for the ward, or at least one sibling of the ward, for at least 12 cumulative months or for one-half of the ward's or sibling's life where the ward or sibling is younger than two years of age, calculated cumulatively."

[2] ORS 419B.449(1) allows the court to "hold a hearing to review the child or ward's condition and circumstances and to determine if the court should continue jurisdiction and wardship or order modifications in the care, placement and supervision of the child or ward."

ORS 419B.349(1) authorizes the court to review decisions that ODHS makes regarding placement of court wards in its care, but prohibits the court from ordering a specific placement:

(nonprecedential memorandum opinion), in which we stated that ORS 419B.349 "reflects a presumption that the placement selected by [ODHS] is in a child's best interests [and] necessarily places the burden on the party challenging the placement to prove facts allowing for a determination that the placement is detrimental to the child in some way." ODHS also acknowledged that "everybody is well aware that current caretakers are treated differently"; that this was why ODHS had requested the hearing; and that ODHS would not have requested a hearing if its decision to change A's placement had involved moving A from one regular foster home to another, rather than from a current caretaker to a regular foster home. All other parties (both parents, A, and A's court appointed special advocate (CASA)) objected to ODHS's placement decision and advanced arguments that, given the evidence and the preference for placement with current caretakers, it was better for A to be placed with current caretakers rather than in the regular foster care placement where he was at the time of the hearing.

Shortly after the hearing, the court issued a letter opinion in which it concluded that parents, A, and CASA had not presented evidence that overcame the presumption that ODHS's decision to move A from his current caretaker placement was in A's best interests, relying on *S. G. W.*, 335 Or App at 345.

ORS 419B.192 provides a preference for placement of children and wards of the court with, among others, current caretakers, providing:

"Commitment of a child or ward to the Department of Human Services does not terminate the court's continuing jurisdiction to protect the rights of the child or ward or the child or ward's parents or guardians. Notwithstanding ORS 419B.337 (5), if upon review of a placement or proposed placement of a child or ward made or to be made by the department the court determines that the placement or proposed placement is not in the best interest of the child or ward, the court may direct the department to place or maintain the child or ward in the care of the child or ward's parents, in foster care with a foster care provider who is a relative, in foster care with a foster care provider who is or has been a current caretaker for the child, in foster care with a foster care provider who is not a relative or current caretaker, in residential care, in group care or in some other specific type of residential placement, but unless otherwise required by law, the court may not direct a specific placement. The actual planning and placement of the child or ward is the responsibility of the department. Nothing in this subsection affects any contractual right of an individual or a private agency to refuse or terminate a placement."

> "If the court finds that a child or ward is in need of placement, there shall be a preference given to placement of the child or ward with relatives, with current caretakers and with persons who have a caregiver relationship with the child or ward. The Department of Human Services shall make diligent efforts to place the child or ward with such persons and shall report to the court the efforts made by the department to effectuate that placement."

ORS 419B.192(2).

We understand father to argue on appeal that, as the party seeking to change A's placement away from current caretakers, ODHS bore the burden to "overcome" the preference for placement of a juvenile court ward with current caretakers that is set out in ORS 419B.192 and that the juvenile court misallocated the burden of proof to the parties objecting to ODHS's proposed placement change.

The problem with father's argument is that neither he nor any of the other objecting parties raised it or any similar argument before the juvenile court, despite ample opportunity at the hearing to do so. To be sure, the objecting parties all argued that the evidence at the hearing established, in their view, that placement with current caretakers was in A's best interests, particularly given the legislative preference for current caretakers, and that ODHS should have done more to continue that placement. However, even though ODHS cited *S. G. W.*, no party cited ORS 419B.192 or advanced any argument in response regarding how that statute impacts the legal analysis or allocation of the burden of proof at a hearing on whether it is in a ward's best interest to be moved from a placement with current caretakers. Indeed, no party argued that ODHS bore the burden to establish that A's placement with current caretakers was not in his best interests or that ODHS had failed to meet its burden of proof. *See State v. Gray*, 286 Or App 799, 806, 401 P3d 1241 (2017), *rev den*, 362 Or 482 (2018) ("[T]he presence of a common thread between an objection at trial and an argument on appeal does not satisfy the preservation requirement if the two arguments are qualitatively different." (Internal quotation marks omitted)). Having reviewed the record, we cannot say that the purposes of preservation were served. *See Peeples v. Lampert,* 345 Or 209, 219-20, 191

P3d 637 (2008) (explaining that the policy reasons underlying the rule of preservation are procedural fairness to the opposing parties, development of a full record to facilitate review, and promotion of judicial efficiency).

Affirmed.